## Stachnik v. Wereszinski et al.

Stanley Kuryloski, for plaintiff; Lorrie R. Holcomb, for defendants.

Coughlin, J., May 16, 1933.—This is an action of replevin for household goods levied upon by a landlord for alleged arrearages of rent. Plaintiff, having filed his bond, obtained a writ, following which defendant landlord filed a counterbond. Plaintiff now seeks to have the counterbond stricken off, alleging: (a) Ownership of goods in plaintiff; (b) continuous possession in plaintiff; (c) no right or claim in defendant other than right predicated upon distraint for rent; (d) various other defects in the bond itself and its execution.

While the defects might themselves be sufficient for striking off counterbond, we confine our attention to plaintiff's claim that defendant has no right, under the law, to file a counterbond. As landlord, defendant has neither special nor general property in goods distrained for rent, and therefore has no right to

retain such goods by giving a claim property bond, and no right to possession of goods after service of replevin. It is his duty to deliver them and look to the replevin bond substituted in their stead. There is no objection here upon the part of the defendant as to the legality or sufficiency of plaintiff's bond, and we assume therefore that the bond substituted for the goods is correct in form and adequate in value. The petition upon which the rule to strike off the counterbond was obtained is unanswered, and the facts set forth are therefore taken to be admitted. The counterbond must therefore be stricken off: Ludwig & Co. v. Kierle, 17 Luzerne, 350; Kabrinetz et al. v. Friedland, 17 Luzerne, 329; Banks Con. Co. v. Harwood-Barley Mfg. Co. et al., 19 Luzerne, 47.

The rule heretofore taken to strike off counterbond is made absolute and said bond is directed to be stricken off.

From Frank P. Slattery, Wilkes-Barre, Pa.